**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4063-19

DOVID RUDNICKI,

    Plaintiff-Appellant,

v.

JOSHUA Z. SCHWARTZMAN
and 308CB, LLC,

    Defendants-Respondents.

_____

        Submitted October 18, 2021 – Decided October 29, 2021

        Before Judges Mayer and Natali.

        On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000104-19.

        Dovid Rudnicki, appellant pro se.

        Simio & Jones, LLP, attorneys for respondent (William B. Jones, II, on the brief).

PER CURIAM

Plaintiff Dovid Rudnicki filed a complaint in which he sought a declaration of adverse possession of a portion of defendants Joshua Z. Schwartzman and 308CB, LLC's lot, which adjoined property he purchased in 2015. He contends that in the early 1960s, defendants' predecessor, Terry Perry, installed a chain link fence within the boundaries of defendants' property. According to plaintiff, that act transferred ownership of the disputed portion of defendants' lot as it evidenced his "open and notorious" possession for a period of thirty years as required under N.J.S.A 2A:14-30.

After the close of discovery, defendants moved for summary judgment and supported their application with a fully compliant Rule 4:46-2(a) statement of material facts and the affidavits of Perry and Joshua Feldberger, whose father owned plaintiff's lot from 2011 until the 2015 sale to plaintiff. Notably, Perry certified that during the approximate forty-three-year-period he owned the property, only he and his tenants occupied the property, and no one ever challenged his ownership rights.

For his part, Feldberger attested that neither he, nor his father, "walked onto," "possessed," or "attempted to claim any of [defendants' property] as our own." He further certified that he never considered the boundary line for the

A-4063-19

parties' respective properties to be delineated by the chain link fence, but rather by the official surveys.

Plaintiff filed belated opposition, which failed to include a compliant statement of material facts admitting or disputing any of defendants' statements as required by Rule 4:46-2(b), or any competent proofs contradicting defendants' affidavits or exhibits. After hearing oral arguments, Judge Francis R. Hodgson, Jr., granted defendants' summary judgment application and dismissed plaintiff's complaint with prejudice. In his accompanying May 22, 2020 oral decision, Judge Hodgson, relying in part on Mannillo v. Gorski, 54 N.J. 378 (1969), rejected plaintiff's claim that adverse possession could be established based solely on the existence of the chain link fence on defendants' property.

Judge Hodgson explained that a "fence by itself, without open or notorious possession, is insufficient to establish adverse possession." The court also noted that plaintiff's proofs consisted exclusively of "unsupported self-serving statements and pictures with no foundation," and were thus insufficient to create a genuine and material factual question supporting his claim that he or his predecessors possessed the disputed property openly, notoriously, continuously and in an uninterrupted and exclusive manner for the statutorily required thirty-year period.

3

On appeal, plaintiff challenges the court's factual findings and legal conclusions contending that under New Jersey law "a fence is considered open and notorious," and he need not demonstrate "hostile" intent to establish adverse possession. We have reviewed the summary judgment record consistent with our de novo standard of review, see Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012), and conclude that plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm for the reasons expressed in Judge Hodgson's well-reasoned May 22, 2020 oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4063-19